IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENSALEM LODGING ASSOCIATES, LLC** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 21-2882** |
| v. | : | |
| | : | |
| **HOLIDAY HOSPITALITY FRANCHISING, LLC,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                            December 10, 2021

**MEMORANDUM OPINION**

**INTRODUCTION**

Plaintiff Bensalem Lodging Associates, LCC ("Plaintiff") filed this action, individually and on behalf of all others similarly situated, against Defendant Six Continents Hotels, Inc., d/b/a Intercontinental Hotels Group ("SCH"), and Defendant Holiday Hospitality Franchising, LLC ("HHF"), a wholly owned subsidiary of SCH (collectively, "Defendants"),[1] asserting claims for breach of contract against Defendants and a violation of the Sherman Act against HHF, and seeking a declaratory judgment against HHF based on unconscionable provisions and an accounting by HHF.

Before this Court is Defendants' motion to transfer venue to the Northern District of Georgia pursuant to an allegedly mandatory forum-selection clause in the License Agreement between them or, in the alternative, pursuant to the *forum non conveniens* doctrine embedded in 28 U.S.C. § 1404(a). [ECF 11]. Plaintiff has opposed the motion. [ECF 22]. The issues raised

---

[1]   Together, SCH and HHF comprise IHG Owners Association ("IHG"), which Plaintiff voluntarily dismissed as a party defendant.

1

in the motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendants' motion to transfer venue is granted.

**BACKGROUND**

The facts pertinent to the motion to transfer are as follows[2]:

On October 31, 2012, Plaintiff entered into a License Agreement with HHF to operate a Holiday Inn Express Hotel in Bensalem, Pennsylvania. HHF and the other Defendants maintain their principal places of business in Atlanta, Georgia. Plaintiff (identified as the Licensee in the License Agreement) and HHF (identified as the Licensor in the License Agreement) agreed that:

> Licensee hereby expressly and irrevocably submits itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia for the purpose of any and all disputes. However, Licensor remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business. Should Licensee initiate litigation against Licensor, its parents, subsidiaries or one of its affiliated entities, Licensee must bring action in the courts identified above; provided, however, the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located. (License Agreement, ECF 1-1, at pp. 20–21).

Notably, six other hotel licensees have filed nearly identical complaints against Defendants in the federal district court in which the specific franchisee hotel is located, *to wit*: in the Eastern District of Louisiana, the District of Connecticut, the Southern District of Texas, the Southern District of Ohio, the District of New Jersey, and the District of New Mexico. In all but one of

---

[2] In the complaint, Plaintiff lists four main points of contention arising from Defendants' business practices, *to wit*: (1) that Defendants unlawfully require franchisees to purchase goods and services from specific, mandated vendors who purportedly charge above-market rates in collusion with and to the financial benefit of Defendants; (2) that when customers in Defendants' rewards program redeem points at a franchisee hotel, the franchisee hotel only receives a small portion of the value of the product or service and that the franchisee hotel, but not Defendants, must pay taxes on the full value of the product or service; (3) that Defendants unjustly charge franchisee hotels fees for poor guest service, investigation of poor guest service, marketing services, and inspections; and (4) that Defendants are bigoted towards South Asian-American franchisees.

those cases,[3] Defendants filed motions to transfer venue to the Northern District of Georgia based on the same forum-selection clause. The case originally filed in the Eastern District of Louisiana has been transferred to the Northern District of Georgia. As of the writing of this memorandum, the remaining motions to transfer venue are pending.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In determining whether a transfer is appropriate, "the district court is vested with a wide discretion." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).

The analysis of a request for transfer under § 1404(a) generally has two components. First, both the original venue and the requested venue must be proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Venue is proper "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." *Park Inn Intern., LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (summarizing the statutory venue requirements of 28 U.S.C. § 1391(a)). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better

---

[3] In the case filed in the District of New Jersey, Defendants have until December 9, 2021 to respond to the complaint.

served by a transfer to a different forum. *Jumara*, 55 F.3d at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). When determining whether a transfer is warranted, a court weighs private and public interests in its decision process.

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment[;] the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.[4]

*Jumara*, 55 F.3d at 879–80 (citations omitted).

The party seeking the transfer of venue bears the burden of establishing the need for the transfer. *Id.* at 879.[5] "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Penn Mut. Life Ins. Co. v. BNC*

---

[4] Though the *Jumara* court included the "practical considerations that could make the trial easy, expeditious, or inexpensive" as a public interest factor, United States Court of Appeals for the Third Circuit (the "Third Circuit") later clarified such consideration to be a private interest factor. *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 n.7 (3d Cir. 2017).

[5] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).

*Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

As set forth in greater detail *infra*, however, the analysis changes "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). Where there is such a valid forum-selection clause, it "should be given controlling weight in all but the most exceptional cases." *Id*. at 63 (internal alteration omitted). In addition, the *Atlantic Marine* Court held that where the plaintiff defied the parties' forum-selection clause by filing in a non-chosen forum, the plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. Unless extraordinary circumstances exist that do not relate to the parties' convenience, the district court should then transfer the case pursuant to the forum-selection clause. *Id.* at 62.

**DISCUSSION**

Following the decision in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Third Circuit has held that forum-selection clauses, like the one at issue here, are entitled to great weight and are presumptively valid. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). Interpreting *Bremen*, the Third Circuit held:

> [A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Id*. Here, Plaintiff makes no attempt to attack the validity and enforceability of the forum-selection clause. In fact, the parties agree that the License Agreement contains a valid and enforceable

5

forum-selection clause. They disagree, however, with respect to its interpretation. As previously noted, the clause provides:

> Licensee hereby expressly and irrevocably submits itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia for the purpose of any and all disputes. However, Licensor remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business. Should Licensee initiate litigation against Licensor, its parents, subsidiaries or one of its affiliated entities, Licensee must bring action in the courts identified above; provided, however, the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located. (License Agreement, ECF 1-1, at pp. 20–21).

Plaintiff argues that venue is proper in this Court because the phrase "the courts identified above," as it appears in the third sentence of the forum-selection clause, includes all of the courts identified in the first two sentences. Defendants disagree and argue that "the courts identified above" only refers to the courts identified in the first sentence—the courts to which Plaintiff expressly and irrevocably submitted itself. As such, disposition of the motion to transfer lies with interpretation of the phrase "the courts identified above." For the reasons set forth, this Court agrees with Defendants.[6]

---

[6] As a threshold matter, Plaintiff baldly contends that Defendants "should be estopped" from arguing that the forum-selection clause requires Plaintiff to bring suit in the courts identified in the first sentence because HHF made the opposite argument in the matter of *Holiday Hospitality Franchising, LLC v. J & W Lodging, LLC*, Civ. A. No. 17-1663-ELR (N. D. Ga.). (Pl.'s Resp. in Opp'n, ECF 22, at p. 9). Judicial estoppel is a remedy that should be used sparingly, only in egregious cases of misrepresentation. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 324 (3d Cir. 2003). To invoke judicial estoppel, a party must show, *inter alia*, that the party to be estopped has taken two positions that are "irreconcilably inconsistent;" that the party changed its position in bad faith; and that the first position taken was accepted and/or relied upon by the first court. *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 781–782 (3d Cir. 2001). Here, Plaintiff's brief is bare of any attempt to meet any of these requirements. Accordingly, this Court will not impose this drastic sanction.

In applying Georgia law—as agreed upon by the parties in the License Agreement—to address the parties' dispute, "the whole contract should be looked to in arriving at the construction of any part[.]" Ga. Code Ann. § 13-2-2. "If the terms used are clear and unambiguous[,] they are to be taken and understood in their plain, ordinary, and popular sense." *Imaging Sys. Intern v. Magnetic Resonance Plus, Inc.*, 527 S.E.2d (Ga. Ct. App. 2000) (citation omitted).[7] As noted, Plaintiff argues that the reference in the third sentence of the provision to the "courts identified above" means that Plaintiff is permitted to bring suit in any of the courts identified in the second sentence of the provision, which includes Pennsylvania, *i.e.*, the location of the hotel. Plaintiff's interpretation, however, removes the operative phrase from its contractual context. The first sentence, which applies solely to Licensee (Plaintiff), precludes Plaintiff from objecting to the jurisdiction of the District Court for the Northern District of Georgia and the state courts of DeKalb County, Georgia. The second sentence, which applies solely to the licensor (Defendant HHF) and begins with the word "however," clearly provides an exception to the first sentence for the "licensor." It permits the licensor to seek injunctive relief in any court in either Georgia or the location of the hotel at issue without the restriction of the first sentence. The third sentence, like the first sentence, is directed solely to the licensee (Plaintiff) and requires Plaintiff to bring any suit in the "courts identified above." Taken as a whole, Plaintiff's obligations with respect to venue are contained in the first and third sentences. The second sentence provides an exception for injunctive relief applicable only to its subject, *i.e.*, the licensor (Defendant HHF). Thus, when reading the provision as a whole, this Court finds that the License Agreement contains a mandatory forum-selection clause that requires Plaintiff to bring any suit against the licensor in the specific

---

[7] As long as the decisions do not conflict with the Georgia Supreme Court, decisions of the Georgia Court of Appeals are binding precedent on all Georgia courts except the Georgia Supreme Court. Ga. Const. art. 6, § 5, ¶ III.

Georgia courts identified in the first sentence of the provision. *See* Order and Reasons, Doc. 46, at 13, *Park 80 Hotels, LLC v. Holiday Hospitality Franchising, LLC*, 2021 WL 5275793, No. 21-cv-00974, (E.D. La. Nov. 9, 2021) (finding that "the courts identified above" refers to the courts named in the first sentence).

This Court's analysis, however, does not stop here. In light of the United States Supreme Court's decision in *Atlantic Marine*, a district court must also consider the §1404(a) *forum non conveniens* factors when determining whether to enforce a forum selection clause that selects another particular federal forum. 571 U.S. at 58–59. The Supreme Court has made clear, however, that where a valid forum-selection clause exists, as is the case here, a district court must consider only the public interest factors and deem the private interest factors to "weigh entirely in favor of the preselected forum." *Id*. at 64. "Because those factors [*i.e.*, the public interest factors] will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* As noted above, where the plaintiff defied the parties' forum-selection clause by filing in a non-chosen forum, as Plaintiff did here, the plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. Consequently, as the party seeking to overcome an otherwise enforceable forum selection clause, Plaintiff bears the burden of showing that the public interest factors "overwhelmingly" weigh in favor of venue in this forum, as opposed to the forum in Georgia.[8]

---

[8] Various provisions come into consideration when deciding whether to transfer an action. Specifically, 28 U.S.C. § 1404(a) provides for transfer when both the original and requested venue are proper, while 28 U.S.C. § 1406 governs transfer or dismissal of an action when the original venue is improper. *Jumara*, 55 F.3d at 878. An action filed in a venue that is not the venue specified in a forum-selection clause is not automatically an improper venue, *Atl. Marine*, 571 U.S. at 59, as 28 U.S.C. § 1391 allows a civil action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In this case, this Court finds venue is proper because the goods and services at issue were purchased for a hotel located in Bensalem, Pennsylvania; customers redeemed rewards points at

Accordingly, this Court must consider the *Jumara* public interest factors and determine whether they "overwhelmingly" favor litigation of this matter in this forum. As previously noted, these public interest factors include the enforceability of the judgment, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879–80. Each of these factors will be addressed separately.

### 1. *The enforceability of the judgment*

Neither party makes an argument as to the enforceability of the judgment. Regardless, this factor is neutral because a judgment in either this Court or in the Northern District of Georgia is equally enforceable. *Schlenker v. Immucor, Inc.*, 2009 WL 5033972, at *5 (E.D. Pa. Dec. 22, 2009).

### 2. *The relative administrative difficulty in the two fora resulting from court congestion*

Defendants do not make any argument regarding the courts' congestion. Plaintiff argues that this factor is "relatively neutral or would weigh modestly in Plaintiff's favor insofar as Atlanta is a large metropolitan center which would tend to have larger case dockets." (Pl.'s Resp. in Opp'n, ECF 22, at p. 12). Since Defendants offer no argument, this Court finds this factor weighs modestly in favor of Plaintiff.

### 3. *The local interest in deciding local controversies at home*

Defendants proffer several reasons why no localized interest is implicated, including, *inter alia*, that the parties' issues relate to a national hotel franchise and its uniform standards and

---

a hotel in Bensalem, Pennsylvania; Plaintiff paid taxes on the value of goods or services provided at a hotel located in Bensalem, Pennsylvania; and guest services and inspections took place in Bensalem, Pennsylvania.

practices, the contract claims are governed by Georgia law and the Sherman Act claims are governed by federal law, and the same lawyers for plaintiffs have filed identical complaints in multiple courts around the United States. Plaintiff, on the other hand, maintains that this local interest factor overwhelmingly favors denying transfer because the hotel is located in Pennsylvania, the complaint asserts a Pennsylvania state-specific class of licensees, and substantially all of the events giving rise to the claim occurred in Pennsylvania.

In considering the local interest factor, this Court finds it exceedingly telling that Plaintiff's common counsel have filed similar lawsuits against Defendants across six different United States District Courts. This litigation strategy clearly demonstrates that the issues of this case are not those of a single, local controversy. Even if the issues were, in their nature, local, the common geographical locus would be the principal place of business of Defendants—Georgia. Although this Court cannot predict the outcomes of the pending motions to transfer filed in the related cases, in the aggregate, Georgia's interest in deciding these controversies appears to be greater than that of this forum. Thus, this factor weighs in favor of transfer.

### 4. *The public policies of the fora*

Neither party makes any argument related to the public policies of the fora. As such, this factor is deemed neutral.

### 5. *The familiarity of the trial judge with the applicable state law in diversity cases*

While district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit, when considering a motion to transfer venue, a "diversity case should be decided by the court most familiar with the applicable state law." *Coppola*, 250 F.R.D. at 201–02. Though Plaintiff did not invoke diversity jurisdiction in its complaint, this factor is

nonetheless relevant because Georgia law, as the applicable law selected by the parties, will apply to the contract claims in this case. As such, this final factor weighs in favor of venue in Georgia.

In sum, this Court finds that Plaintiff has not met its burden under *Atlantic* of showing that the public factors weigh "overwhelmingly" in favor of venue in this Court.

**CONCLUSION**

For the foregoing reasons, after determining that the forum-selection clause requires any action initiated by Plaintiff/Licensee to be filed in specific courts (federal or state) in Georgia and that the *Jumara* public interest factors weigh in favor of transfer,[9] Defendants' motion to transfer is granted. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[9] This Court also considered and found persuasive a November 9, 2021 Order from the United States District Court for the Eastern District of Louisiana, which transferred its related case to the United States District Court for the Northern District of Georgia. For conformity reasons, this Court opines that this nearly identical case should be tried in the same forum—Georgia.